**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Saul MARQUEZ–PONCE,**
**Defendant–Appellant.**

**No. 11–50191**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Following his guilty-plea conviction for illegal reentry, Saul Marquez–Ponce was sentenced, *inter alia*, to 70–months' imprisonment, the bottom of the advisory Guidelines sentencing range. Marquez contends his sentence is substantively unreasonable.

Post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Marquez's within-Guidelines-range sentence is entitled to a presumption of reasonableness. *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). As Marquez concedes, his contention that the presumption does not apply because Guideline § 2L1.2 (unlawfully entering or remaining in United States) is flawed is foreclosed. *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.2009).

Marquez contends the district court failed to consider: he was assimilated to life in the United States; and, he was driven to return by the violence in Chihuahua, Mexico. The district court specifically rejected those assertions after hearing Marquez present them. There is no reason to conclude the sentence is unreasonable on that basis.

Marquez next maintains his sentence is not reasonable because Guideline § 2L1.2 is not the product of the Sentencing Commission's use of empirical data and national experience. To the extent that *Kimbrough v. United States,* 552 U.S. 85, 128

---

S.Ct. 558, 169 L.Ed.2d 481 (2007), gives district courts discretion to deviate from the Guidelines based on such considerations, it does not require their doing so. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.2009).

Marquez also maintains Guideline § 2L1.2 double-counts prior convictions. The use of a conviction for determining both the offense level and criminal history score does not necessarily render a sentence unreasonable. *Id.*

Finally, Marquez contends the lack of a fast-track program in the Western District of Texas results in an unwarranted sentencing disparity. But, as Marquez concedes, that argument is foreclosed. *United States v. Gomez–Herrera*, 523 F.3d 554, 562–64 (5th Cir.2008).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.